IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:02-1358-HMH |
| vs. | ) | C.A. No. 6:06-757-HMH |
| | ) | |
| Timothy G. Craig, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Timothy G. Craig's ("Craig") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Craig's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Craig is currently incarcerated at FCI Ashland in Ashland, Kentucky. On November 3, 2004, Craig was found guilty by a jury of conspiracy to distribute or possess with intent to distribute fifty grams or more of crack cocaine. On March 8, 2005, Craig was sentenced to two hundred ninety-two (292) months' imprisonment. Craig filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit on March 22, 2005. The Fourth Circuit appointed Michael MacKinnon, Craig's counsel at trial and sentencing, to be Craig's attorney on appeal.

Craig filed a motion to withdraw his appeal on June 21, 2005. The document stated that Craig "does not wish to Appeal the Final Judgment of the District Court," and states, "I, Timothy G. Craig, hereby request and consent to the Appeal hereinabove noted to be withdrawn." (Movant's Mot. to Withdraw Appeal 1.) The motion was signed by MacKinnon and Craig, and it

1

was dated.[1]  (Id.)  Accordingly, the Fourth Circuit dismissed the appeal under Rule 42(b) of the Federal Rules of Appellate Procedure on June 27, 2005.

In his § 2255 motion and his accompanying affidavit, Craig raises five grounds for relief: (1) MacKinnon provided ineffective assistance of counsel by failing to perfect Craig's direct appeal; (2) the Government breached its agreement to file a Rule 35(a) motion under the Federal Rules of Criminal Procedure to reduce Craig's sentence for the cooperation that he and his fiancee provided to the Government; (3) MacKinnon provided ineffective assistance of counsel when he failed to call witnesses to testify on Craig's behalf; (4) MacKinnon provided ineffective assistance of counsel when he failed to object to trial errors; and (5) MacKinnon provided ineffective assistance of counsel by mischaracterizing one of Craig's prior offenses as a felony, when, in fact, it was a misdemeanor.  On April 13, 2006, Craig amended his § 2255 motion to allege another ground for relief, that (6) "[c]ounsel was ineffective when he misled Craig into signing a waiver to withdraw his appellate rights."  (Mot. to Amend 1.)  The court addresses each of Craig's alleged grounds for relief below.

## II. DISCUSSION OF THE LAW

### A. Ineffective Assistance of Counsel

As noted above, Craig alleges that MacKinnon provided constitutionally ineffective assistance at trial, at sentencing, and in failing to perfect his appeal after judgment was entered. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Craig must demonstrate that his counsel's performance fell below an objective

---

[1] The motion contained a typewritten date of June 16, 2005, and a handwritten date of July 16, 2005.  The handwritten date was obviously a typographical error, as the motion was filed on June 21, 2005, with the Fourth Circuit.

2

standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Craig must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In his first and sixth grounds for relief, Craig alleges that MacKinnon was constitutionally ineffective by failing to perfect Craig's appeal and by misleading Craig into waiving his right to appeal his conviction and sentence. (§ 2255 Mot. 1; Mot. to Amend 1.) An attorney's failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). However, the docket in Craig's criminal case reveals that MacKinnon filed a notice of appeal. Thereafter, Craig moved to withdraw his appeal, and the Fourth Circuit dismissed the appeal under Rule 42(b).

"If an appeal is voluntarily dismissed, such dismissal places the parties in the same position as if no notice of appeal were ever filed, and under such circumstances the appeal cannot be reinstated unless a new notice of appeal is timely filed." 5 Am. Jur. 2d Appellate Review § 290 (2005) (citing Williams v. United States, 553 F.2d 420, 422 (5th Cir. 1977) (finding that, after the appellants filed a timely notice of appeal but dismissed the appeal before it was docketed with the court of appeals, the appellants were in the same position as if they had never placed a notice of appeal in the first place.)) Craig had ten days to file his notice of intent to appeal his judgment of conviction under Rules 3 and 4 of the Federal Rules of Appellate

3

Procedure.  By moving to voluntarily dismiss his appeal, Craig waived his right to appeal his criminal judgment, as the ten days to file a notice of appeal had long since passed.

Craig asserts that he never knowingly waived his right to appeal or was informed by MacKinnon that he was signing a waiver of appellate rights.  (Movant's Mot. to Withdraw Appeal ¶ 16.)  However, the text of the motion itself, which Craig signed, proves his allegations to be untrue.  The motion stated that Craig "had indicated to Mr. MacKinnon that he does not wish to Appeal the Final Judgment of the District Court," and Craig signed below the line that said that he "request[s] and consent[s] to the Appeal hereinabove noted to be withdrawn."  (Id. ¶ 1.)  Accordingly, Craig's own representations to the Fourth Circuit confirm that he wished to withdraw his appeal of the final judgment.  As such, Craig's claims that MacKinnon failed to perfect Craig's appeal and that Craig did not knowingly waive his right to appeal or was misled into doing so are without merit.

Craig's second and third grounds for ineffective assistance of counsel concern MacKinnon's alleged failure to call witnesses in Craig's defense or to object to errors at trial.  In neither his motion nor his affidavit does Craig explain which witnesses MacKinnon failed to call or to which errors to which MacKinnon failed to object.  Rather, Craig merely states in his affidavit that "after the jury returned a verdict of guilt, [MacKinnon] admitted, his failure to call witnesses, to make timely objections, as affiant had requested him to do, could have been the reason for the guilty verdict rendered against the affiant."  (Craig's Aff. Supp. § 2255 Mot. ¶ 9.)  However, these conclusory allegations fail to show that MacKinnon was objectively unreasonable at trial concerning his decisions related to calling witnesses and objecting to errors,

4

and there is no explanation of how any of the unnamed witnesses or alleged errors prejudiced Craig. As such, these claims are without merit and warrant no further consideration.

Craig's fourth ground for ineffective assistance of counsel is that MacKinnon misconstrued Craig's criminal history at sentencing in that MacKinnon "erroneously informed the sentencing court that affiant's failure to stop for blue light offense was a felony and that he had checked. However, affiant's offense in question under South Carolina law § 56-5-705 would be classified as a misdemeanor."[2] (Id. ¶ 12.) Under South Carolina Code of Laws section 56-5-750(A), not 56-5-705, "it is unlawful for a motor vehicle driver, while driving on a road, street, or highway of the State, to fail to stop when signaled by a law enforcement vehicle by means of a siren or flashing light." One who violates section 56-5-750(A) for a first offense "where no bodily injury or death resulted from the violation" is guilty of a misdemeanor, but one who is convicted of a second offense where no bodily injury or death resulted is guilty of a felony. Section 56-5-750(B). Hence, it appears that South Carolina classified Craig's conviction of failing to stop for a blue light as a misdemeanor.

Nonetheless, under the United States Sentencing Guidelines ("U.S.S.G."), a qualifying "[p]rior felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, Application Note 1 (2003). Accordingly, South Carolina's classification of the conviction as a misdemeanor does not disqualify the conviction as counting for purposes of

---

[2] Craig did not list this as one of his grounds for relief, nor did he allege that MacKinnon was constitutionally ineffective for this alleged mistake. However, the court construes Craig's petition and affidavit liberally to give Craig every benefit of the doubt on his potential claims.

qualifying Craig as a career criminal qualification under § 4.B1.1. Moreover, the Fourth Circuit has specifically found that failing to stop for a blue light qualifies as a crime of violence under South Carolina law. United States v. James, 337 F.3d 387, 390-91 (4th Cir. 2003) (concluding that failing to stop for a blue light qualifies as a crime of violence for purposes of the Armed Career Criminal Act and noting that "[m]ost cases of failing to stop for a blue light involve the deliberate choice by the driver to disobey the police officer's signal. This disobedience poses the threat of a direct confrontation between the police officer and the occupant of the vehicle," which "creates a potential for serious physical injury to the officer, other occupants of the vehicle, and even bystanders."); see also United States v. Riddle, No. 04-4393, 2006 WL 690947, at *1 (4th Cir. Mar. 17, 2006) (unpublished) (applying James to the career criminal calculations under USSG § 4B1.2(a)).[3] Accordingly, MacKinnon's allegedly confirming that Craig's conviction was a felony, when the state considered it a midemeanor, was not an error and certainly did not prejudice Craig. Therefore, Craig's claims for ineffective assistance of counsel are without merit.

### B. Rule 35 Motion

Craig's final claim is that the Government has failed to file a promised Rule 35 motion. Even if the court assumes that the Government promised Craig that it would file a Rule 35(b) motion, Craig is not entitled to relief on his allegation. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an

---

[3]The court recognizes that, absent unusual circumstances, the citation of unpublished opinions of the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned cases is relevant and appropriate.

evidentiary hearing. Nor would additional but generalized allegations of improper motive [for not filing a Rule 35(b) motion]." Wade v. United States, 504 U.S. 181, 186 (1992). In fact, a defendant must make a "substantial threshold showing" of improper motive for not filing a Rule 35(b) motion to warrant even an evidentiary hearing. Id. "[The Fourth Circuit] has followed the Supreme Court's lead and strictly interpreted the *Wade* exceptions, holding that the decision not to make a downward departure motion is properly within the government's discretion." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the movant makes a threshold showing that the Government's refusal to file a motion is based on an unconstitutional motive such as race or religious animus, or is not rationally related to a legitimate governmental end, the court is without authority to review the Government's discretionary decision not to file a Rule 35 motion. See id.

　　　　Craig has not alleged or made any showing as to why the Government has not filed a Rule 35(b) motion for his alleged assistance regarding a "murder/robbery" and "other unsolved criminal activities." (Movant's Aff. Supp. § 2255 Mot. ¶ 7.) Hence, Craig failed to allege that the Government acted with an unconstitutional motive in not filing a Rule 35(b) motion for substantial assistance, and his final ground for relief under § 2255 is without merit.

7

It is therefore

**ORDERED** that Craig's § 2255 motion is summarily dismissed.[4]

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
April 26, 2006

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4]Although the Government, in the body of its response, "move[d] this Honorable Court for summary judgment," no separate motion for summary judgment was ever filed or docketed in this case. (Govt.'s Resp. Opp'n § 2255 Mot. 1.) For clarification, because summary dismissal is appropriate in this case, the court need not further address the motion for summary judgment made within the Government's response. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) ("Where files and records *conclusively* show that prisoner is entitled to no relief [upon his § 2255 motion], summary dismissal is appropriate. If the [motion is] frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government.")